MARC J. FAGEL (Bar No. 154425)
MICHAEL S. DICKE (Bar No. 158187)
TRACY L. DAVIS (Bar No. 184129)
  Email: davistl@sec.gov
THOMAS J. EME (Ill. Bar No. 6224870)
  Email: emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NEKEKIM CORPORATION and KENNETH W. CARLTON,<br><br>　　　　Defendants. | Case No. 1:13-cv-00010-AWI-SKO<br><br>FINAL JUDGMENT AS TO DEFENDANT NEKEKIM CORPORATION |

**FINAL JUDGMENT AS TO DEFENDANT NEKEKIM CORPORATION**

The Securities and Exchange Commission having filed a Complaint and Defendant Nekekim Corporation ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to Defendant Nekekim Corporation ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Nekekim Corporation ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to: (i) within ten days of the entry of this Final Judgment, provide a copy of this Final Judgment to each and every holder of any share(s) of stock, note(s), or other security issued by Defendant; (ii) within ten days of the entry of any judgment in this action as to co-defendant Kenneth W. Carlton ("Carlton Judgment"), provide a copy of the Carlton

Judgment to each and every holder of any share(s) of stock, note(s), or other security issued by Defendant; (iii) beginning with the date of entry of this Final Judgment and continuing for three years thereafter, provide a copy of this Final Judgment and any Carlton Judgment to the offeree concurrent with any offer by Defendant to sell any security issued or to be issued by Defendant; and (iv) certify, in writing, compliance with the foregoing undertakings. The certifications shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certifications and supporting materials to Tracy L. Davis, Assistant Regional Director in the Commission's San Francisco Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division of the Commission. Defendant shall submit its certification for undertakings (i) and (ii) no later than 30 days from the date of the completion of the undertaking. Defendant shall submit three annual certifications for undertaking (iii), with the first submitted between 12 and 13 months after the entry of this Final Judgment; the second submitted between 24 and 25 months after the entry of this Final Judgment; and the third submitted between 36 and 37 months after the entry of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: January 4, 2013

UNITED STATES DISTRICT JUDGE

CMS STATEMENT AND ORDER
CASE NO. C-02-3685-RS