1 MARC J. FAGEL (Bar No. 154425)
MICHAEL S. DICKE (Bar No. 158187)
2 TRACY L. DAVIS (Bar No. 184129)
  Email:  davistl@sec.gov
3 THOMAS J. EME (Ill. Bar No. 6224870)
  Email:  emet@sec.gov
4
Attorneys for Plaintiff
5 SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
6 San Francisco, California 94104
Telephone:  (415) 705-2500
7 Facsimile:  (415) 705-2501

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                                FRESNO DIVISION

11 SECURITIES AND EXCHANGE COMMISSION,    Case No. 1:13-cv-00010-AWI-SKO

12                  Plaintiff,             FINAL JUDGMENT AS TO DEFENDANT
                                           KENNETH W. CARLTON
13          vs.

14 NEKEKIM CORPORATION and KENNETH W.
   CARLTON,
15
                   Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT AS TO DEFENDANT CARLTON

**FINAL JUDGMENT AS TO DEFENDANT KENNETH W. CARLTON**

The Securities and Exchange Commission having filed a Complaint and Defendant Kenneth W. Carlton ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to Defendant Kenneth W. Carlton ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

1  instruments of transportation or communication in interstate commerce or by use of the mails,

2  directly or indirectly:

3       (a)    to employ any device, scheme, or artifice to defraud;

4       (b)    to obtain money or property by means of any untrue statement of a material fact or any

5                omission of a material fact necessary in order to make the statements made, in light of

6                the circumstances under which they were made, not misleading; or

7       (c)    to engage in any transaction, practice, or course of business which operates or

8                would operate as a fraud or deceit upon the purchaser.

9                                    III.

10      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

11  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

12  with them who receive actual notice of this Final Judgment by personal service or otherwise are

13  permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e]

14  by, directly or indirectly, in the absence of any applicable exemption:

15       (a)    Unless a registration statement is in effect as to a security, making use of any means or

16                instruments of transportation or communication in interstate commerce or of the mails

17                to sell such security through the use or medium of any prospectus or otherwise;

18       (b)    Unless a registration statement is in effect as to a security, carrying or causing to be

19                carried through the mails or in interstate commerce, by any means or instruments of

20                transportation, any such security for the purpose of sale or for delivery after sale; or

21       (c)    Making use of any means or instruments of transportation or communication in

22                interstate commerce or of the mails to offer to sell or offer to buy through the use or

23                medium of any prospectus or otherwise any security, unless a registration statement

24                has been filed with the Commission as to such security, or while the registration

25                statement is the subject of a refusal order or stop order or (prior to the effective date of

26                the registration statement) any public proceeding or examination under Section 8 of

27                the Securities Act [15 U.S.C. § 77h].

28

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from (i) acting as an officer or director of co-defendant Nekekim Corporation ("Nekekim") or its successors or assigns; (ii) possessing or exercising, directly or indirectly, the power to direct or cause the direction of the management or policies of Nekekim or its successors or assigns, whether through ownership of voting securities, by contract, or otherwise; and (iii) directly or indirectly offering or selling any security for or on behalf of Nekekim or its successors or assigns.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph VI below.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kenneth W. Carlton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

1  funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this

2  Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any

3  delinquent amounts pursuant to 28 USC § 1961.

4  VI.

5  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kenneth W. Carlton shall

6  pay the penalty due of $50,000 in three installments to the Commission according to the following

7  schedule:  (1) $30,000, within 10 days of entry of this Final Judgment; (2) $10,000 within 180 days

8  of entry of this Final Judgment; and (3) $10,000 within one year of entry of this Final Judgment.

9  Payments shall be deemed made on the date they are received by the Commission and shall be

10  applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid

11  amounts due after 14 days of the entry of this Final Judgment.  Prior to making the final payment set

12  forth herein, Kenneth W. Carlton shall contact the staff of the Commission for the amount due for the

13  final payment.

14  If Kenneth W. Carlton fails to make any payment by the date agreed and/or in the amount

15  agreed according to the schedule set forth above, all outstanding payments under this Final Judgment,

16  including post-judgment interest, minus any payments made, shall become due and payable

17  immediately at the discretion of the staff of the Commission without further application to the Court.

18  VII.

19  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant

20  Kenneth W. Carlton ("Consent") is incorporated herein with the same force and effect as if fully set

21  forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth

22  therein.

23  VIII.

24  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

25  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

26

27

28

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:   January 9, 2013

_____
UNITED STATES DISTRICT JUDGE